IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MAHMOUD OSAMA ALILI, | : | Case No. 1:25-cv-940 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SECRETARY OF THE DEPARTMENT | : | |
| OF HOMELAND SECURITY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS (Doc. 10)

This matter is before the Court on Plaintiff's Voluntary Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a) (Doc. 10). As reason for dismissal, Plaintiff represents that USCIS has adjudicated the Form I-130 petition at issue, rendering Plaintiff's claims moot. Defendants did not file a response in opposition, and the time to do so has passed.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request [] by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this [subsection] is without prejudice." *Id.* "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendants, from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). A district court will abuse its discretion by granting a motion to dismiss without prejudice under Rule 41(a)(2) only if "the defendant would

suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (internal quotation marks omitted). As Defendants do not oppose the dismissal of the action without prejudice, dismissal under Rule 41(a)(2) is proper.

Additionally, Rule 41(a)(2) allows for "the payment of costs incurred by a defendant" as a condition of dismissal without prejudice. *Bridgeport Music*, 583 F.3d at 954. The award of costs and attorneys' fees for a Rule 41(a)(2) dismissal is discretionary. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). In light of the circumstances, the Court finds that awarding attorneys' fees and costs is not warranted as a condition of dismissal.

Accordingly, the Court **ORDERS** the following:

1. Plaintiffs' Motion to Dismiss (Doc. 10) is **GRANTED**;

2. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**;

3. Each party **SHALL** bear its own attorneys' fees and costs; and

4. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

2